IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DESTINY DELANA ROSENBERGER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 3:23-cv-26-CDL-MSH |
| v. | : | |
| | : | |
| DEPARTMENT OF FAMILY AND | : | |
| CHILDRENS SERVIES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Pending before the Court is Plaintiff Destiny Rosenberger's second recast complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 12).[1] Also pending is her motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 7). Having reviewed her application to proceed IFP, the Court finds Rosenberger is currently unable to prepay the Court's filing fee. Thus, her motion to proceed IFP is thus **GRANTED**.[2] Since Rosenberger is proceeding IFP, however, her claims must be screened pursuant to 28 U.S.C. § 1915(e). For the reasons stated below, the Court recommends that all of Rosenberger's claims be dismissed.

---

[1] The second recast complaint supersedes the original and first recast complaint, and as such, this Order and Recommendation addresses only the claims alleged in Rosenberger's second recast complaint. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint.").

[2] Rosenberger filed three other motions to proceed IFP (ECF Nos. 2, 11, 13). These motions are **DENIED AS MOOT**.

### I. Standard of Review

Under 28 U.S.C. § 1915(e)(2), once a court grants a plaintiff's motion for leave to proceed IFP, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are clearly baseless, or if it is based on an indisputably meritless legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (per curiam) (internal quotation marks omitted).

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion of a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (quoting 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1216, pp. 235-36 (3d ed. 2004)). In other words, the complaint must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (internal quotation marks omitted). Nevertheless, while "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education," the Court is not permitted "to serve as *de facto* counsel for a party" by "rewrit[ing] an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of her claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (per curiam).

**II.   Factual Allegations and Plaintiff's Complaint**

This case is one of several brought by Rosenberger and/or her relative, Steve Simonds, arising from Rosenberger's convictions for various offenses against her daughter and the loss of custody of her daughter. According to public records from the Athens-Clarke County, Georgia Clerk of Court, Rosenberger pleaded guilty on May 22, 2017, to one count of sexual battery—as a lesser included offense of aggravated sexual battery—

one count of aggravated assault, two counts of sexual exploitation of children, and two counts of child molestation.[3]  *See* Final Disposition, *State of Georgia v. Destiny Delana Stoddard*, No. SU16CR0748 (May 22, 2017).  She was sentenced to a total of twenty years in prison followed by twenty-five years on probation.  *Id.*  According to the indictment, the offenses occurred between February 1, 2016, and March 7, 2016.  *See* Indictment, *State of Georgia v. Destiny Delana Stoddard*, No. SU16CR0748 (Aug. 30, 2016).

Rosenberger alleges her due process rights were violated by Defendants Clarke County Department of Family and Children Services ("DFCS") and Jeff Clark of the Athens-Clarke County Police Department.  Attach. B, ECF No. 12-2.  She contends arrest warrants were issued based on a perjured affidavit and without a proper investigation.  Attach. A, at 1, ECF No. 12-1.  She alleges—without providing any specifics—the charges were "baseless" and "conjured up."  *Id.* at 1-2.  She contends all the charges against her were dismissed, though, contradictorily, she states she was forced to accept a plea bargain because of incompetent counsel.  *Id.* at 2; Attach. D, at 1-2, ECF No. 12-4.  She claims she is innocent of all charges and is a "victim of DFCS and Athens City Police."  Attach. D, at 3.  She asserts Jeff Clark was the head of the sexual abuse unit of the police department, and he made statements about her to a newspaper reporter that defamed her

---

[3] These records can be found at `https://www.athensclarkeclerkofcourt.com` (last visited June 23, 2023).  The Court takes judicial notice of these records.  *See Chinn v. PNC Bank, N.A.*, 451 F. App'x 859, 860 n.1 (11th Cir. 2012) (per curiam) (holding that "[a] district court may take judicial notice of facts capable of accurate and ready determination by using sources whose accuracy cannot reasonably be questioned, including public records").

character.[4]  Attach. A, at 1; Attach. D, at 1.  For relief, she seeks, *inter alia*, damages, release from prison, restoration of her parental rights, and a "mortgage free home on 5 to 20 acres."  2d Recast Compl. 6, ECF No. 12.

Construed liberally, Rosenberger attempts to assert a claim of malicious prosecution.  The Fourth Amendment prohibits arrests without probable cause.  *Von Stein v. Brescher*, 904 F.2d 572, 578 (11th Cir. 1990) (citation omitted).  Where a plaintiff was arrested pursuant to a warrant, the plaintiff may raise a violation of this right by asserting a malicious prosecution claim under 42 U.S.C. § 1983.  *Heck v. Humphrey*, 512 U.S. 477, 484 (1994); *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) (per curiam).  To state a claim for malicious prosecution in the Eleventh Circuit, a plaintiff must show a violation of her Fourth Amendment right to be free from unreasonable seizures as well as "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused."  *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003).

Rosenberger's complaint can also be construed as alleging a § 1983 defamation claim against Jeff Clark.  "Courts recognize what might generally be termed as defamation claims as violations of due process cognizable under the Fourteenth Amendment."  *Grace v. Moore*, No. 5:09–CV–418-CAR, 2011 WL 3268031, at *9 (M.D. Ga. July 29, 2011).

---

[4]  The newspaper articles are not attached to Rosenberger's second recast complaint, but they were attached to her original complaint, and she refers to them in her second recast complaint. Attach. D, at 1; Compl. Attach. 5, ECF No. 1-5.  These articles were all published in June and July 2016.  Compl. Attach. 5, at 1, 3, 5.

However, "a plaintiff claiming a deprivation based on defamation by the government must establish the fact of the defamation 'plus' the violation of some more tangle interest," before such a claim implicates a constitutionally protected interest. *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1302 (11th Cir. 2001) (citing *Paul v. Davis*, 424 U.S. 693, 701-02 (1976)); *Smith ex rel. Smith v. Siegelman*, 322 F.3d 1290, 1296 (11th Cir. 2003) ("A person's interest in reputation alone . . . is not a protected liberty interest within the meaning of the due process clause."). To establish the requisite liberty interest, "the individual must be not only stigmatized but also stigmatized in connection with a denial of a right or status previously recognized under state law." *Smith*, 322 F.3d at 1296 (quoting *Cannon*, 250 F.3d at 1302-03).

## III. Preliminary Screening

The Court recommends Rosenberger's complaint be dismissed for several reasons. First, her claims are barred by the statute of limitations. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Rosenberger admits the events giving rise to her claims occurred in 2016. 2d Recast Compl. 6. In Georgia, the statute of limitations for a claim brought under § 1983 is two years.[5] *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996);

---

[5] To the extent Rosenberger attempts to assert a state law claim for defamation, it is also barred by the statute of limitations because it was not brought within one year of the date of publication. *See* O.C.G.A. § 9-3-33 (requiring actions for injuries to reputation "be brought within one year after the right of action accrues"); *Captiva RX, LLC v. Daniels*, No. 5:14–CV–265-MTT, 2014 WL 5428295, at *5 (M.D. Ga. Oct. 23, 2014) ("Because the action for defamation was filed on July

*see* O.C.G.A. § 9-3-33 (providing a two-years statute of limitations for personal injury actions). Rosenberger's complaint, filed in 2023, is well outside this period.

Second, Rosenberger cannot show the criminal prosecution terminated in her favor. In fact, she admits she pleaded guilty pursuant to a plea bargain. Attach. D, at 2. This is fatal to her malicious prosecution claim because the Supreme Court has made clear "that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments" and "a [civil] judgment in favor of [Rosenberger] would necessarily imply the invalidity of [her] conviction or sentence." *Heck*, 512 U.S. at 486-87. The fact that the aggravated sexual battery charge was reduced to sexual battery pursuant to a plea agreement does not mean it was terminated in her favor. *See Hoffman v. Beseler*, 760 F. App'x 775, 779 n.6 (11th Cir. 2019) (per curiam) (noting that dismissal of some charges as part of a plea agreement did not constitute termination in the plaintiff's favor). Therefore, her malicious prosecution claim is barred.

Third, even assuming Rosenberger could otherwise satisfy the pleading requirements for a constitutional claim, Defendant Clark cannot be held liable for defamation under § 1983 for statements he made as a police officer to the news media about her case. *See Walker v. Atlanta Police Dep't Pub. Affairs Unit*, 322 F. App'x 809, 811 (11th Cir. 2009) (per curiam) ("Although imputing criminal behavior to an individual is generally considered defamation and actionable without proof of special damages, the

---

14, 2014, more than one year from the publication on August 17, 2012, the defamation claim is barred.").

7

Supreme Court has held that a claim of being defamed by a police officer is not actionable under § 1983." (citing *Paul*, 424 U.S. at 711-12)).

Fourth, even if Rosenberger's claims were not otherwise barred by the statute of limitations or *Heck*, her claims against DFCS are barred by the Eleventh Amendment, which makes state agencies immune from suits in federal court. *Simonds v. Shearer*, No. 3:22-CV-118-CAR, 2023 WL 274469, at *3 (M.D. Ga. Jan. 18, 2023). "DFCS is a state agency and entitled to Eleventh Amendment immunity."[6] *Id.*

Fifth, most of the remedies requested by Rosenberger are not available in this action, even if she otherwise stated a valid claim. "Release from prison is not available in a section 1983 action, but only in a habeas corpus proceeding, after exhaustion of state remedies." *Smith v. Barrow*, No. 5:13–CV–179-MTT, 2013 WL 3282904, at *2 n.1 (M.D. Ga. June 27, 2013). The Court also does not have authority to return custody of her child. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees."). The Court is also not aware of any authority to order Rosenberger be provided with a house and land.

## CONCLUSION

For the foregoing reasons, the Court recommends that Rosenberger's complaint be

---

[6] It is unclear if Rosenberger also intended to name the Athens-Clarke County Police Department as a defendant, but if so, that claim must also be dismissed because it is "not a 'person' subject to suit under § 1983." *Schaefer v. Unified Gov't of Athens-Clarke Cnty, Ga.*, No. 3:14–CV–80-CAR, 2015 WL 3465932, at * 5 (M.D. Ga. June 1, 2015).

dismissed under 28 U.S.C. § 1915(e)(2). Pursuant to 28 U.S.C. § 636(b)(1), Rosenberger may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. See M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

Rosenberger is also notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED** and **RECOMMENDED** this 23rd day of June, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE